# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 16-cv-00548-RM-KLM

ELIZABETH ALVAR, *personal representative of the estate of Patrick O'Grady*,

    Plaintiff,

v.

JONATHAN KAY,

    Defendant.

_____

# ORDER
_____

Pending before the Court is Plaintiff Elizabeth Alvar's ("plaintiff") Unopposed Motion for Leave to Designate Substitute Expert and Motion to Reopen Discovery ("the motion") (ECF No. 106).

In light of the reason provided for the relief requested in the motion, the motion (ECF No. 106) is GRANTED solely to the extent set forth herein.

First, the Court will allow plaintiff to designate a substitute expert and for defendant Jonathan Kay ("defendant") to endorse an expert, if any, in rebuttal. That being said, the parties should be very careful. The Court has already ruled upon the admissibility of plaintiff's prior expert, Mr. Saviano, and explained what testimony from him would have been allowed and what testimony would not have been allowed at trial. (*See* ECF No. 102 at 9-11.) The Court has also explained what testimony from Mr. Key, a rebuttal expert for defendant, will be allowed and what testimony will not be allowed at trial. (*See id*. at 3-5.) **The parties should not take the opportunity to designate**

**new expert witnesses as an invitation to exceed the bounds of the testimony that the Court found will be admissible at trial.** Put another way, neither plaintiff nor defendant should try to take advantage of the current situation by attempting to place themselves in a better position that they would have been had Mr. Saviano testified or Mr. Key testified in rebuttal. Any attempt to do so will result in the expert, rebuttal or otherwise, not being allowed to testify at trial.

Second, because the Court will allow plaintiff to designate a substitute expert and defendant to endorse a rebuttal expert, if any, the Court will also re-open discovery solely with respect to any substitute expert plaintiff may designate and any rebuttal expert defendant may designate. No other discovery will be allowed.

As a result, the Court sets the following deadlines:

(1) Plaintiff shall have until June 8, 2018 to designate a substitute expert witness;

(2) Defendant shall have until July 9, 2018 to designate a rebuttal expert witness;

(3) The parties shall have until August 8, 2018 to conduct depositions of any substitute or rebuttal expert designated pursuant to this Order;

(4) The parties shall have until September 7, 2018 to file any motions to exclude any substitute or rebuttal expert designated pursuant to this Order;

(5) To the extent motions to exclude are filed, the opposing party shall have until September 14, 2018 to respond, and the party who filed any motion to exclude shall have until September 21, 2018 to file a reply.

With respect to the motions to exclude, if any, that may be filed pursuant to this Order, the Court will allow the motion itself to be no more than ten (10) pages, the response to be no more than ten (10) pages, and the reply to be no more than five (5) pages. This is because the Court has already

visited testimony and rebuttal testimony pertaining to Mr. Saviano, and, as explained *supra*, the Court will not allow the parties to abuse the process allowed pursuant to this Order in order to advance their positions any further than that allowed in the Court's January 29, 2018 Opinion and Order. As such, the Court anticipates less areas of dispute, if any, between the parties with respect to the expert(s) allowed pursuant to this Order.

**SO ORDERED.**

DATED this 13th day of April, 2018.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge